IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| LORENZO HOWARD | § | |
| v. | § | CIVIL ACTION NO. 6:08cv472 |
| | | (Crim. No. 6:03cr16) |
| UNITED STATES OF AMERICA | § | |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT**

The Relator Lorenzo Howard, proceeding *pro se*, filed this application for the writ of mandamus asking that the Court issue the writ against the prosecutor in his criminal case. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Howard was convicted in a jury trial on charges including a RICO conspiracy, a drug distribution conspiracy and substantive distribution counts, violent crimes in aid of racketeering, use or carrying of firearms during and in relation to crimes of violence and drug trafficking crimes, possession of an illegal firearm, witness tampering, and being a felon in possession of a firearm. He received a sentence of 131 years in prison.

Howard took a direct appeal, which was unsuccessful, and sought certiorari from the Supreme Court, which was denied. U.S. v. Howard, 127 Fed.Appx. 692 (5th Cir., March 18, 2005) (not selected for publication in the Federal Reporter), *cert. denied,* 126 S.Ct. 147 (2005). Howard has also sought relief under 28 U.S.C. §2255, which was denied by the district court; his appeal of this decision is currently pending in the Fifth Circuit. Howard v. United States, cause no. 07-40953.

In the present case, Howard has filed an application which he styles as an "emergency writ of mandamus." He asks that the Court order the prosecutor in his case, Bill Baldwin, to: review all federal and local records regarding Howard's conviction; move the Court to vacate Howard's conviction because of constitutional violations which occurred at trial; forward to Howard all reports concerning anyone who testified at trial; or to provide him with a new trial. He says that the Government asserted at trial that all such reports were turned over to the defense, but that he has discovered reports which were not disclosed. Howard says that the prosecutor has a "non-discretionary duty" to disclose such reports but failed to do so.

As evidence, Howard attaches a report which he says was not disclosed. This report consists of an interview with a co-defendant named Carlos Juarez. Howard asserts that the report is favorable to him because in the interview, Juarez does not specifically name Howard in connection with unlawful activity, although he does name other members of the gang with which Howard was associated as being so involved, and Juarez also names Howard as a person with whom he associated. Howard says that this report is favorable to him because it was consistent with his defense that he was not associated with illegal activities.

After review of the pleadings, the Magistrate Judge issued a Report on December 15, 2008, recommending that the petition be dismissed. The Magistrate Judge first observed that the Fifth Circuit has held that applications for the writ of mandamus which challenge events at a trial or sentencing are properly treated as motions to vacate or correct sentence under 28 U.S.C. §2255. U.S. v. Jefferson, 95 Fed.Appx. 544 (5th Cir., April 21, 2004) (not selected for publication in the Federal Reporter), *citing* Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000).

In this case, the Magistrate Judge said, Howard has a Section 2255 motion which is still pending. District generally do not review the merits of subsequent Section 2255 motions until prior motions have been resolved, absent extraordinary circumstances. Woolard v. United States, 416 F.2d 50, 51 (5th Cir. 1968); United States v. Brown, 46 F.3d 66 (5th Cir., Jan. 17. 1995) (not selected for publication in the Federal Reporter).

2

The Magistrate Judge concluded that Howard failed to show extraordinary circumstances justifying the consideration of his mandamus application while his Section 2255 motion was pending, whether or not the application was construed as a success Section 2255 motion. Instead, the Magistrate Judge said, the application should be dismissed without prejudice, as was done in Brown. Finally, the Magistrate Judge said that because Howard's application could be construed as a Section 2255 motion, a certificate of appealability should be denied.

Howard filed objections to the Magistrate Judge's Report on January 12, 2009. In his objections, Howard first reiterates his claims, saying that the prosecutor had a duty to disclose these reports but did not do so. He says that the trial court's statement that the prosecutor had an obligation to disclose information "or they have a reversal on their trial" is "the law of the case." Howard argues that the Magistrate Judge's Report tendered "no controlling authority" that has since made a contrary decision to the "law of the case" as announced at trial.

Howard also insists that he has no other remedy at law, saying that his direct appeal was denied, as was his Section 2255 motion; he asserts that the district court has "improperly" denied him the right to proceed *in forma pauperis* on appeal. He insists that he "does not wish to relitigate a trial error" and says that the previous post-conviction remedies which he pursued were rendered inadequate due to the Government's withholding of this material. Howard also says that the relief which he seeks is not available in a Section 2255 proceeding, in that he simply wants to compel the Government to perform a duty owed to him.

Howard says that the Magistrate Judge's Report "calls into question the partiality of the Court, and the Magistrate's oath of office." He says that he has furnished "clear and convincing evidence" that the Government and the FBI made an agreement to suppress exculpatory information.

Finally, Howard complains that the Magistrate Judge improperly characterized his motion as a Section 2255 action, saying that he did not receive notice that his pleading would be re-characterized in such a manner and that his petition should not be considered as anything other than the mandamus petition that it actually is.

Howard's objections are without merit, whether his petition is construed as a Section 2255 motion or an application for mandamus relief. The Magistrate Judge correctly observed that applications for mandamus relief concerning matters occurring at trial or sentencing are properly treated as Section 2255 petition, and Howard has shown no basis for consideration of a second Section 2255 motion while his first one is pending at the Fifth Circuit.

Even were Howard's application not construed as a Section 2255 motion, he has failed to show that he is entitled to mandamus relief. The issuance of a writ of mandamus requires the showing of three factors: (1) the party seeking issuance of the writ must have no other adequate means to attain the relief he desires; (2) the petitioner must satisfy the burden of showing that his right to issuance of the writ is clear and indisputable; and (3) even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances. U.S. v. Williams, 400 F.3d 277, 280-81 (5th Cir. 2005).

Here, Howard has failed to show that he has no other remedy in law; to the extent that he claims that he has newly discovered evidence of a violation of Brady v. Maryland, he may seek leave from the Fifth Circuit Court of Appeals to file a successive Section 2255 motion. Through such a motion, Howard may, if successful, obtain a reversal of his conviction and a new trial, the relief that he says that he is seeking. Given these facts, Howard has also failed to meet the third factor, in that he has not satisfied the Court that the writ is appropriate under the circumstances. He has failed to show any basis for the relief which he seeks and his objections to the Report of the Magistrate Judge are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, as well as the Report of the Magistrate Judge and the Relator's objections thereto, as stated in his notice of interlocutory appeal. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Relator's objections are without merit. It is accordingly

ORDERED that the Relator's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of mandamus be and hereby is DISMISSED without prejudice. The dismissal of this petition, and the denial of a certificate of appealability, shall not prevent Howard from fully prosecuting the appeal of his prior Section 2255 proceeding, nor to seek leave to file a successive Section 2255 proceeding. It is further

ORDERED that the Relator Lorenzo Howard is DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 13th day of February, 2009.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**